**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maurice SMITH, Defendant–Appellant.**

**No. 03–3106.**

United States Court of Appeals,
Seventh Circuit.

Argued June 15, 2004.

Decided Aug. 5, 2004.

Michelle N. Weiss, Chicago, IL, for Plaintiff–Appellee.

Stanley L. Hill, Hill & Associates, Chicago, IL, for Defendant–Appellant.

Before POSNER, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

ORDER

After police officers pulled over Maurice Smith for allegedly failing to display a front license plate on his car, they learned that Smith was driving without a license and arrested him. A search incident to the arrest revealed that Smith, a convicted felon, was carrying a 9mm semi-automatic pistol. Smith moved to suppress the gun and his post-arrest confession, but the district court denied his motion. Smith then entered a conditional guilty plea to one count of possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), reserving in his plea agreement the right to challenge the denial of his motion to suppress. The district court sentenced Smith (as an Armed Career Criminal, 18 U.S.C. § 924(e)) to 200 months' imprisonment, five years' supervised release, a $500 fine, and a $100 special assessment. Smith appeals, and we affirm.

According to testimony at the suppression hearing, on the night of January 23, 2002, police officers Michael Connolly and Brendan Corcoran were on patrol at the intersection of Ohio and Monticello in Chicago, Illinois. As they sat facing east on Ohio, Smith approached on Monticello, a one-way street running north. According to both officers, when Smith arrived at the intersection they noticed that his car had no front license plate—each officer claimed to have alerted the other to the missing plate. As Smith proceeded through the intersection, the officers pulled him over. Officer Corcoran walked over to Smith's car, explained the reason for the traffic stop, and asked Smith for his driver's li-

cense. When Smith admitted that he had no license, Officer Corcoran ordered him out of the car and ultimately arrested him. While searching Smith, the officers discovered that he was carrying a loaded 9mm semi-automatic pistol with its serial number obliterated. Although Officer Connolly's later arrest report for the gun violation does not identify the traffic violation that prompted the stop, the officers did cite Smith both for driving without a license and for failing to display a required license plate.

After Smith was arrested, his car was inventoried by Gilberto Garcia, an inventory clerk who works for a company with a contract to inventory vehicles for the City of Chicago. By the time of the suppression hearing, Garcia had no independent recollection of examining Smith's car, so he testified from the report that he prepared when he inventoried the car. Garcia explained that as each seized car comes in, he uses a handheld computer to quickly (2 ½ to 3 minutes per car) input information about it such as whether or not it is damaged (the City's primary concern), the VIN number, and how many license plates it has. Garcia testified that his inventory report reflected that Smith's car was a 1994 Buick and that it had both a front and rear license plate, as evidenced by the number "2" in the space on the inventory report labeled "plates."

After hearing testimony from the arresting officers and Garcia (Smith did not testify), the court continued the hearing to the following week so that it could review some cases submitted by the parties before reaching its decision. In the interim Smith submitted a declaration under penalty of perjury stating that the car he was driving on the night of the arrest had Illinois license plates attached on both the front and back. Over the government's objection, the district court considered Smith's affidavit when ruling on his motion to suppress.

The district court denied the motion, holding that the officers had probable cause to believe that Smith's front license plate was missing when they stopped him. Specifically, the district court concluded that the officers had testified credibly and that the contemporaneous citation they issued for a missing license plate corroborated their testimony. The court was unpersuaded by Garcia's contradictory inventory report because the circumstances surrounding its preparation suggested that it was less credible than the officers' testimony. Before ruling, the court invited Smith to testify in support of his declaration but cautioned defense counsel that Smith's declaration had not persuaded the court and that his testimony probably would not make a difference. Smith did not testify.

Smith's only argument on appeal is that the district court erred by concluding that the officers had probable cause to stop his vehicle. He points primarily to Garcia's inventory report showing that his car had two plates. Smith argues that the report is objective, in contrast to the officers' testimony, which he suggests is tainted by their motivation to justify the arrest. To further undermine the officers' testimony, Smith points out that Officer Corcoran testified that Smith's car was a 1997, Officer Connolly thought it was a 1994, and both officers claimed it was an Oldsmobile when in fact it is a Buick—a 1994 Park Avenue. He also claims that the officers' testimony is questionable because they claimed the residential area where they arrested him was well-lit, yet neither one of them remembered his car being damaged, despite the fact that Garcia's report documents extensive damage.

We review the district court's factual findings for clear error and its legal conclusion that the officers had probable

cause for the stop de novo. *See Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Robinson,* 314 F.3d 905, 907 (7th Cir.2003). An officer may stop a vehicle as long as he reasonably believes that a traffic offense has been committed. *See Whren v. United States,* 517 U.S. 806, 819, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Cashman,* 216 F.3d 582, 586 (7th Cir.2000). Thus, if the officers testified truthfully that they believed Smith was missing his front license plate, they had probable cause to make the stop. Smith's arguments, then, boil down to a challenge to the district court's assessment of the officers' credibility—an uphill battle given the well-established rule that "the district court's choice of whom to believe is almost never vulnerable to a finding of clear error." *United States v. Alvarado,* 326 F.3d 857, 862 (7th Cir.2003).

Although Garcia's inventory report documenting that Smith's car had two plates conflicts with the officers' testimony, the report itself does not make it "exceedingly improbable," *Robinson,* 314 F.3d at 907 (internal quotation marks and citation omitted), that the officers were telling the truth. Smith seems to assume that, because Garcia had no motive to falsify his inventory report, the report is necessarily *accurate.* But as the district court recognized, Garcia prepared his report in a matter of minutes, and was concerned primarily with damage to the car, not the number (and placement) of license plates. And, unlike the officers, Garcia does not personally remember Smith's car or whether it had a front license plate. Despite Garcia's testimony that he prepared the inventory report "to the best of [his] ability," the district court was entitled to believe that the officers were testifying truthfully, and that Garcia may have made a mistake. Moreover, even if Garcia correctly recorded that the vehicle had two plates, the stop

was still justified if the officers reasonably *believed* that Smith had no front plate at the time, even if the subsequent inventory report somehow proves their belief wrong. *See Cashman,* 216 F.3d at 587 ("The propriety of the traffic stop does not depend ... on whether [defendant] was actually guilty of committing a traffic offense.... The pertinent question instead is whether it was reasonable for [the officer] to *believe* [that a violation had been committed]."); *United States v. Dexter,* 165 F.3d 1120, 1124 (7th Cir.1999) (stop proper when officer has probable cause to believe a violation has occurred, even if officer is wrong).

That leaves Smith's contention that the officers' testimony cannot be believed because it is inconsistent and contradictory. But the inconsistencies Smith identifies—calling Smith's car an Oldsmobile instead of a Buick, identifying the model year alternately as 1994 and 1997, and failing to notice damage to the body—are the sort of minor variances that are insufficient to render the district court's credibility determination clearly erroneous. *See, e.g., United States v. Huebner,* 356 F.3d 807, 813 (7th Cir.2004). We are somewhat troubled by each officer's claim that he alerted the other to the missing front plate. But this inconsistency does not demonstrate that the district court committed clear error, especially since the officers' testimony is consistent to the effect that there was no plate, a claim corroborated by the citation they issued for failing to properly display a front license plate.

AFFIRMED.